David J. Otto, Esq.
2300 West Sahara, Suite 800
Las Vegas, NV 89102
Ph.: 702-379-6540
Fax: 702-629-7929
Davidottolaw@yahoo.com
NV Bar ID: 5449
Attorney for Plaintiff, Mack Vessell

Lindsay F. Osterhout, Esq
Osterhout Disability Law, LLC
521 Cedar Way, Suite 200
Oakmont, PA 15139
Ph.: 412-794-8003
Fax: 412-794-8050
PA Bar ID: 202275
lindsay@mydisabilityattorney.com
Pro Hac Vice Attorney for Plaintiff, Mack Vessell
Counsel had complied with LR IA 10-2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MACK VESSELL,<br><br>   Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security,<br><br>   Defendant. | CIVIL ACTION NO.<br>2:15-cv-2449-GMN-PAL<br><br><br>JOINT STIPULATION FOR<br>ATTORNEY FEES UNDER<br>THE EAJA |

<u>JOINT STIPULATION FOR EAJA FEES</u>

It is hereby stipulated by and between the parties, through their undersigned counsel, subject to the approval of the Court, that the parties have agreed to a compromise settlement of Plaintiff's request for attorney fees in the amount of Six

1

Thousand Six Hundred Fifty Dollars and 00/100 ($6650.00) and Four Hundred Dollars and 00/100 ($400.00) in costs to be paid separately from the Judgment Fund. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 USC §2412(d).

The Court shall order that the awarded attorney fees be made payable to Plaintiff, Mack Vessell, and delivered to the business address of Plaintiff's counsel.

EAJA fees awarded by this Court belong to the plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. §3716(c)(3)(B) (2006)). *See Astrue v. Ratliff*, 130 S.CT 2521, 2528-29 (2010). Defendant recognizes that Plaintiff assigned her right to EAJA fees to her attorney. If it is determined upon effectuation of the Court's EAJA fee order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, Defendant agrees to accept the assignment, and fees will be made payable to Plaintiff's attorney. If there is such a debt, any fee remaining after offset will be payable to Plaintiff.

This stipulation constitutes a compromise settlement of Plaintiff's request for attorney fees under the EAJA, and does not constitute an admission of liability on the part of the Commissioner under the EAJA. Payment of the aforementioned attorney fees shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to attorney fees under the EAJA in connection with his action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 USC §406, subject to the provisions of the EAJA.

Respectfully submitted,

Dated: 11/8/16  /s/ Lindsay F. Osterhout
Lindsay F. Osterhout
PHV Attorney for Plaintiff

Dated: 11/8/16  /s/ David Otto
David Otto
Local Counsel for Plaintiff

Dated: 11/10/16  By: /s/ Jennifer Lee Tarn[1]
JENNIFER LEE TARN
Special Assistant United States Attorney

---

[1] Permission to use Defendant's counsel's electronic signature was given by email on 11/10/16.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MACK VESSEL, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 2:15-CV-2449-GMN-PAL |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ORDER GRANTING STIPULATION FOR ATTORNEY FEES UNDER THE EAJA |
| Defendant. | |

It is hereby ORDERED that the Joint Stipulation for EAJA Fees (Docket No. 28) is GRANTED and Plaintiff is awarded $6,650.00 in attorney's fees and $400.00 in costs to be paid separately from the Judgment Fund. *Astrue vs. Ratliff*, 130 S. Ct. 2521, 2524 (2010), directs that the check should be made payable to Plaintiff and mailed to Plaintiff's Counsel.

DATED this  9  day of November, 2016.

_____
GLORIA M. NAVARRO, CHIEF JUDGE
UNITED STATES DISTRICT COURT

1